FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 22 2011 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COREY DAVIS,

Plaintiff,

against

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TRANSPORTATION SECURITY ADMINISTRATION; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF PRISONS; FEDERAL BUREAU OF INVESTIGATIONS.,

Defendants.

---

Case Number 11-cv-00203(ARR)(ALC)

**Amended Complaint**

The plaintiff , Corey Davis, pro se, brings this amended complaint to the above titled action. This amended complaint incorporates all allegations and statements included in the original complaint filed on January 6, 2011. An additional defendant, the Federal Bureau of Investigations is now named, and additional allegations against the original defendants pursuant to the Freedom of Information Act 5 U.S.C. § 552 (FOIA) and the Privacy Act 5 U.S.C. § 552(a) (PA).

**Federal Bureau of Prisons**

1. On November 15, 2010 Plaintiff filed a FOIA request with the Federal Bureau of Prisons for the following records:

A. A complete list of all one hundred (100) and two hundred (200) level incident reports for assault which were issued at the Metropolitan Detention Center - Brooklyn (MDC) and the Metropolitan Correction Center (MCC) between and including the years 2000 to 2010. Specifically the copies of all incident reports for a one hundred (100) and two hundred (200) assault.

B. All records of one hundred (100) and two hundred (200) level incident reports which were issued and subsequently referred to the FBI for prosecution at the Metropolitan Detention Center (MDC) and the Metropolitan Correction Center (MCC) between and in-

cluding the years 2000 to 2010. Specifically the copies of of all records documenting the incident's referral to the FBI for prosecution.

C. Any and all records documenting the FBI's acceptance or rejection of MDC's and MCC's referrals for prosecution related to one hundred (100) and two hundred (200) level incident reports issued for assault, for the years 2000 through 2010.

2. This FOIA request was received by the Federal Bureau of Prisons on November 22, 2010. It was sent via Certified Mail No. 7009 2250 0002 3937 3804, and signed for by a "C. Tapp." The Federal Bureau of Prisons has not responded to this request in any way.

3. On May 31, 2011 the Federal Bureau of Prisons received another FOIA request from plaintiff requesting the following records:

A. Any and all records pertaining to the August 8, 2009 incident at the Metropolitan Detention Center - Brooklyn when three pieces of [plaintiff's] legal mail that [plainfiff] had mailed turned up shredded. . . This request includes any reports, statements, notes, E-mails, physical evidence, disciplinary records, and or any other record pertaining to the incident and the subsequent investigation.

B. Any and all records pertaining to an incident which occurred on or about December 28, 2009 at the Federal Detention Center - Philadelphia where [plaintiff] was housed with an inmate whose last name was El-Sibbai(sic). Mr. Sibbai had left a map of the U.S. on the desk in [he and plaintiff's] cell. . . This request is for the map, any reports, statements, notes, E-mails, disciplinary records, records of any other branch of the Department of Justice's involvement in the incident and subsequent investigation, and or any other record pertaining to the incident and subsequent investigation.

C. Verification from the outgoing legal mail logs maintained in the housing units at the Metropolitan Detention Center - Brooklyn that [plaintifff] mailed the following the following pieces of mail:

August 15, 2010 addressed to - FOI Officer, MacDougal Walker Correctional Institution 1153 East Street South Suffield, Connecticut 06080.

August 29, 2010 addressed to - FOI Officer at MacDougal Walker Correctional Institution. 1153 East Street South Suffield, Connecticut 06080.

January 11, 2011 addressed to - Warden MacDougal Walker Correctional Institution 1153 East Street South Suffield, Connecticut 06080.

The Federal Bureau of Prisons has not responded to the plaintiffs request in any way.

**Transportation Security Administration**

4. On August 9, 2010 plaintiff filed a FOIA request with the United States Department of Homeland Security - Transportation Security Administration (TSA) seeking the following records:

A. The airline carrier and flight number with the corresponding passenger list for a flight which originated in Dallas - Fort Worth, traveled to Cleveland, Ohio and then continued on to New York - Laguardia airport on either March 27, 2006 or March 28, 2006.

B. Any documents in your agency's possession regarding the flight described in item #1 of this request. This includes any notifications, reports, memorandums, or E-Mails from within your agency and or from any outside law enforcement agency.

C. The names and titles of all flight crew members on the flight described in item #1 of this request.

D. Any documents of the TSA requiring Commercial air carriers to electronically store flight records. I.e. passenger lists, incident reports, payment records and or flight delays.

E. The name of the Air Marshal assigned to the flight described in item #1 of this request.

F. Any and all documents in your agency's possession bearing the name Corey Davis D.O.B. February 13, 1972, Chester Davis D.O.B. August 23, 1944, Chet Davis and or William Duval Carter.

5. The TSA failed to respond to the plaintiff's request in any way. On January 6, 2011

plaintiff filed the original complaint in this matter naming the TSA as a defendant for failing to comply with the FOIA.

6. By letter dated April 18, 2011 the TSA responded to plaintiffs request assigning it FOIA Case Number TSA10-762. The letter signed by Yvonne L. Coates (FOIA Officer) stated that "A search within the TSA was conducted and no records responsive to your request were located." Ms. Coates further informed plaintiff that because "this request is currently the subject of litigation, the administrative appeal rights that normally accompany a FOIA response are not being provided."

7. By letter dated May 29, 2011 plaintiff informed TSA attorney AUSA Ameet Kabrawala of the TSA's determination and requested a more diligent search for the records plaintiff requested be conducted. Plaintiff informed Mr. Kabrawala that the records he seeks are available because the plaintiff was a passenger on the flight named in the FOIA request.

8. Upon information and belief the plaintiff asserts that the records he requested from the TSA do exist and are releasable to the plaintiff. The defendant TSA is in violation of the FOIA by refusing to provide the available records.

## Federal Bureau of Investigations

9. On April 11, 2011 the Federal Bureau of Investigations received a FOIA request from the plaintiff requesting numerous records related to several individuals' cooperation with the FBI subject to its investigation of the plaintiff, also records pertaining to several correctional institutions' cooperation with the FBI. Item number 2 of the request was for the following records:

A. All records relating to the following corrections facilities' cooperation with the Federal Bureau of Investigations in their investigation of [plaintiff], date of birth February 13, 1972, social security number 071-..., and currently in the custody of the Federal Bureau of Prisons. This request includes any agent notes, interview notes, 302's, audio or video recordings, affidavits, written agreements, waivers, telephone records or recordings, computer records, memos, E-Mails, and or any other relevant,

related, and tangible records.

i. Metropolitan Detention Center (MDC)
80-29th Street
Brooklyn, New York 11232

ii. Bridgeport Community Corrections Center
1106 North Avenue
Bridgeport, Connecticut 06604

iii. Westchester County Detention Center
Valhalla Campus - P.O. Box 395
Valhalla, New York 10595

iv. MacDougal-Walker Correctional Institution
1153 East Street South
Suffield, Connecticut 06080

v. Donald W. Wyatt Detention Facility
950 High Street
Central Falls, Rhode Island

10. On April 25, 2011 plaintiff received two separate letters from Mr. David M. Hardy, section chief for the records management division. Mr. Hardy divided the one request into two separate requests and assigned two different request numbers. For the records plaintiff seeks regarding individuals, the request number assigned 1165055-000. The number assigned to the portion of the request regarding the plaintiff and correctional facilities is 1165057-000.

11. As to the plaintiff's request for records regarding the listed individuals, the FBI informed plaintiff that pursuant to the Privacy Act, he would need written authorization from the listed individuals before the records could be released. In regard to the other records plaintiff was provided an identification form to fill out and return. On May 11,2011 plaintiff returned this form to Mr. Hardy. The FBI received this form on May 16, 2011. Plaintiff received a letter dated May 16, 2011 acknowledging receipt of the identification form. The plaintiff received no further communication from the FBI. Plaintiff wrote Mr. Hardy on or about June 27, 2011 requesting a response to the FOIA request.

12. By letter dated July 20, 2011 Mr. Hardy informed plaintiff that the FBI is "currently...searching for, retrieving, scanning, and evaluating files that may be responsive to [plaintiff's] request." Also "once your files have been evaluated as potentially responsive, your request will be forwarded to the 'perfected backlog', where your request will wait for assignment to an analyst."

13. Susection (a)(6)(B)(i) states "in unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause(i) or clause (ii) of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of this subparagraph."

14. Mr. Hardy's letter advising plaintiff of the delay in processing his request was dated July 20, 2011. This date is beyond the normal twenty day response time in the FOIA. Additionally the letter provides no such date which the FBI's determination is expected. As of today's date the FBI is beyond the ten day "unusual circumstances" provision of the FOIA § (a)(6)(B)(i), and therefore in violation of the FOIA itself.

**LAW**

15. 5 United States Code § 552(a)(6)(A)(i) calls for an agency to determine within twenty days (excepting Saturdays, Sundays, and legal public holidays) after receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination.

16. With respect to the November 15, 2010 and May 31, 2011 FOIA requests the Federal Bureau of Prisons has failed to comply with the FOIA by refusing to provide the plaintiff a determination, or to respond to his requests in any way.

17. United States Code 5 § 552(a)(3)(C) states " In responding under this paragraph to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system."

18. The Transportation Security Administration has failed to make a reasonable effort to search for the records the plaintiff has requested. Plaintiff has asserted personal knowledge that the records requested regarding the flight described should be available and releasable to the public. The TSA has failed to comply with the provisions of the FOIA.

## Prayer For Relief

19. This request for includes and incorporates all requests for relief contained in the original complaint filed in this matter on January 6, 2011. Plaintiff now requests this Court to order the named defendants to immediately provide to the plaintiff the following records:

### Federal Bureau of Prisons

20.
A. A complete list of all one hundred(100) and two hundred(200) level incident reports for assault which were issued at the Metropolitan Detention Center - Brooklyn(MDC) & the Metropolitan Correction Center(MCC) between and including the years 2000 to 2010.

B. All records of one hundred(100) and two hundred(200) level incident reports which were issued and subsequently referred to the FBI for prosecution at the Metropolitan Detention Center - Brooklyn(MDC) and the Metropolitan Correction Center(MCC) between and including the years 2000 to 2010.

C. Any and all records documenting the FBI's acceptance or rejection of MDC's and MCC's referrals for prosecution related to one hundred(100) and two hundred(200) level incident reports issued for assault, for the years 2000 through 2010.

D. Any and all records pertaining to an incident occurring on or about August 8, 2009 at MDC when three pieces of plaintiffs legal mail were put in a shredder. Including

any reports, statements, notes, E-Mails, physical evidence, disciplinary records, and or any other record pertaining to the incident and the subsequent investigation.

E. Any and all records pertaining to an incident which occurred on or about December 28,2009 at the Federal Detention Center - Philadelphia where plaintiff was housed with an inmate El-Sibbai(sic), where Sibbai left a map in the cell he shared with plaintiff. Including the map, any reports, statements, notes, E-Mails, disciplinary records, records documenting any other branch of the Department of Justice's involvement in the incident and subsequent investigation.

F. Verification from the outgoing legal mail log books maintained in the housing units at MDC that plaintiff mailed letters to the FOI Officer at MacDougal-Walker Correctional Institution at 1153 East Street South - Suffield, Connecticut 06080, on August 15, 2010 and August 29, 2010. Also a letter to MacDougal-Walker addressed to the Warden January 11, 2011.

**Transportation Security Administration**

G. The airline carrier and flight number with the corresponding passenger list for a flight which originated in Dallas - Fort Worth, traveled to Cleveland, Ohio and then on to New York - Laguardia Airport on either March 27, 2006 or March 28, 2006.

H. Any documents in the TSA's possession regarding the flight described in item #1 of the original FOIA request, repeated above in item G. Including any memorandums, notifications, reports, or E-Mails from within the TSA and or from any outside law enforcement agency.

I. The names and titles of all flight crew members on the flight described in item #1 in the original FOIA request, above item G.

J. Any documentation of any TSA policy requiring commercial airline carriers to electronically store flight records. I.e. passenger lists, incident reports, payment records, and records of flight delays.

K. The name of the Air Marshal assigned to the flight described in item #1 of the original FOIA request, above item G.

L. Any and all documents in the TSA's possession bearing the name Corey Davis D.O.B. February 13, 1972, Chester Davis D.O.B. August 23, 1944, Chet DAvis and or William Duval Carter.

**Federal Bureau of Investigations**

M. All records relating to the Metropolitan Detention Center, Bridgeport Community Correctional Center, Westchester County Detention Center, MacDougal-Walker Correctional Institution, andDonald W. Wyatt Detention Facility's cooperation with the FBI subject to its investigation of the plaintiff. Including any notes, interview notes, 302's, audio and or video recordings, affidavits, written agreements, waivers telephone records or recordings, computer records, memos, E-Mails, and or any other relevant, related, and tangible records.

21. The plaintiff also asks this Court to order the TSA, FBI, and the B.O.P. to preserve as evidence any records or portions thereof, that any agency may cite as exempt from release under any of the FOIA's exemptions. Also any other relief the Court may deem right and just under the circumstances.

Respectfully Submitted,

Date: August 15,2011

Corey Davis, Plaintiff Pro se