

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East-7th Floor*
*Brooklyn, NY 11201*

January 6, 2012

By ECF & Hand Delivery
Honorable Allyne R. Ross
Senior United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   *Corey Davis v. U.S. Department of Homeland Security, et al.*
                No. 11-cv-203 (ARR) (RLM)

Dear Judge Ross:

        This Office represents defendants U.S. Department of Homeland Security ("DHS"), Transportation Security Administration ("TSA"), U.S. Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP"), and the Federal Bureau of Investigation ("FBI") (collectively, "defendants") in the above-referenced Freedom of Information Act ("FOIA") action brought by *pro se* prisoner-plaintiff Corey Davis ("plaintiff"). Defendants submit this letter in accordance with the Court's November 30, 2011 Order directing them, *inter alia*, to file a report as to the status of plaintiff's FOIA requests to the FBI. *See* ECF No. 33, Nov. 30, 2011 Order. Defendants further submit this letter in response to plaintiff's letter dated December 22, 2011 requesting to supplement his complaint for a third time. *See* ECF No. 35.[1]

    A.  Status Report

        As the Court may recall, on November 29, 2011, defendants, *inter alia*, advised that the FBI located over 15,000 potentially responsive pages of documents and 15 compact discs in connection with plaintiff's FOIA requests to the FBI.[2] *See* ECF No. 32. On November 25, 2011, the FBI sent plaintiff a letter detailing the contents of four potentially responsive files

---

[1] Plaintiff's December 22 letter was filed with the Clerk's Office on December 28, 2011 and entered onto ECF on January 3, 2012. *See* ECF No. 35, docket text.

[2] The FBI estimates that it has located approximately 16,000 potentially responsive pages of documents.

Honorable Allyne R. Ross
January 6, 2012
Page 2

that contain such documents and setting forth payment options for reproduction costs. In their November 29, 2011 letter, defendants advised the Court that:

> Presuming that plaintiff seeks and pays for any portion of the potentially responsive information, FBI staff will review each page and CD individually and apply any applicable FOIA exemptions before any information is released. Given the sheer volume of potentially responsive information, and the likelihood that documents will require redactions pursuant to FOIA exemptions, any response likely will be provided on a rolling basis. Following release, the FBI will require additional time to prepare any necessary *Vaughn* index and declaration in support of its anticipated summary judgment motion.

ECF No. 32, at 2.

By letter dated December 2, 2011, plaintiff advised the FBI that he is willing and able to pay all costs associated with the release of the records. The letter was received by the FBI's Records Information and Dissemination Section ("RIDS") on December 13, 2011.

Although no payment has been received by the FBI to date, based on plaintiff's promise to pay, RIDS has assigned a FOIA processing specialist to plaintiff's requests and has commenced processing the files identified in the FBI's November 25, 2011 letter to plaintiff. The first production is scheduled for January 31, 2012. After such date, production is subject to plaintiff making payment for costs.

The FBI plans to make subsequent productions on a rolling basis, on the last day of each month. Further, the FBI aims to review a minimum of 500 pages per month until the approximately 16,000 pages of documents and 15 CDs are reviewed and processed. Notably, this does not mean that 500 pages will be produced each month; instead, documents that are exempt, excluded or unresponsive to plaintiff's FOIA requests will not be released.

Pursuant to the Court's November 30, 2011 Order, defendants are required to serve their anticipated dispositive motion and supporting papers by March 6, 2012. As part of such motion, the FBI will move to stay the proceedings pending completion of its review and rolling production. *See* 5 U.S.C. § 552(a)(6)(C)(i) (permitting the court to "retain jurisdiction and allow the agency additional time to complete its review of the records."). Alternatively, and in an effort to avoid time-consuming motion practice, the FBI will request that plaintiff stipulate to stay this matter—solely as to his allegations against the FBI—pending the completion of its review and rolling production. Should plaintiff agree to such relief, the FBI can provide quarterly reports to the Court regarding the status of its review and production. Further, once production is complete, plaintiff should be required to advise the Court what, if any, documents remain at issue. Significantly, granting a stay would alleviate continued amendment of the complaint arising from the FBI's rolling production.

### B. Plaintiff's Request for Leave to Supplement

Plaintiff's December 22, 2011 letter seeks to amend his allegations against the FBI and add as a defendant the United States Probation Department, based on the FBI and Probation Department's alleged failure to timely respond to certain additional FOIA requests purportedly made by plaintiff. Defendants do not oppose adding such additional allegations against the FBI;[3] however, the Court must deny plaintiff's request to add the Probation Department as a defendant.

Plaintiff's instant request to supplement his complaint to add as a defendant the Probation Department, a unit of the United States courts, should be denied as futile. *See Goodrich v. Long Island R.R. Co.*, 654 F.3d 190, 200 (2d Cir. 2011) (motion to amend pleadings should be denied where amendment would be futile); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Pursuant to 5 U.S.C. § 551(1), only federal agencies are subject to the FOIA and the United States courts are not agencies within the meaning of the FOIA. *See* 5 U.S.C. § 551(1)(B). Additionally, the Probation Department is a unit of the United States courts. *United States v. Chandler*, 220 F. Supp. 2d 165, 168 (E.D.N.Y. 2002); *see also* 18 U.S.C. § 3602(a) (probation officers are appointed by the district court). Thus, because the Probation Department is a unit of this Court, it is not subject to the FOIA. *See Ruiz v. United States Dep't of Justice*, 636 F. Supp. 85, 89 n. 4 (D. D.C. 2009) (observing that "[c]ourts and parts thereof, including probation officers, are excluded from the requirements of the FOIA." (citing 5 U.S.C. § 551)); *Pena v. United States Dep't of Probation*, No. 06-cv-2481, 2006 WL 2806383, at *1 (E.D.N.Y. Sept. 28, 2006)[4] (Gershon, J.) ("The Probation Department, an administrative unit of the judiciary, is not subject to the disclosure obligations of FOIA." (citing 5 U.S.C. § 551(1)(B) and *In re Fidelity Mortg. Investors*, 690 F.2d 35, 38 (2d Cir. 1982))); *Chandler*, 20 F. Supp. 2d at 168 ("the Probation Department is exempt from the disclosure requirements of the FOIA and the Privacy Act."). Accordingly, plaintiff's request for leave to add as a defendant the Probation Department should be denied.

---

[3] On December 5, 2011, the FBI advised plaintiff that, because he had recently requested information from the FBI, his most recent FOIA request is aggregated into his original requests, which are now the subject of this litigation. As mentioned above, the FBI will request that these court proceedings be stayed as against it in order to provide sufficient time to review and process plaintiff's various FOIA requests.

[4] Pursuant to Local Civil Rule 7.1(c), a printed copy of this unpublished decision, available exclusively on a computerized database, is provided to the *pro se* plaintiff under cover of this letter.

Honorable Allyne R. Ross
January 6, 2012
Page 4

        We thank the Court for its attention to this matter.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:   /s/ electronically signed
        Ameet B. Kabrawala
        Assistant U.S. Attorney
        (718) 254-6001

cc:   By First-Class Mail
      Mr. Corey Davis
      Reg. No. 42898-053
      FCI Beckley
      P.O. Box 350
      Beaver, WV 25813