FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 20 2013 ★
BROOKLYN OFFICE

DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
COREY DAVIS,

                Plaintiff,

   -against-

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION SECURITY
ADMINISTRATION; UNITED STATES DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF PRISONS; and
FEDERAL BUREAU OF INVESTIGATIONS,

                Defendants.
---------------------------------------------------------------- X

11-CV-203 (ARR) (VMS)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Plaintiff, pro se, has moved for reconsideration of this Court's Opinion and Order, dated June 27, 2013, which found, in relevant part, that the Federal Bureau of Investigation ("FBI") had properly closed plaintiff's Freedom of Information Act ("FOIA") request after plaintiff failed to pay outstanding fees and granted the FBI's motion for summary judgment. Dkt. #79 ("June 27 Order"), at 29-30. For the reasons stated below, the motion is denied.

## DISCUSSION

### I. Local Rule 6.3

Local Rule 6.3 requires motions for reconsideration to "be served within fourteen (14) days after the entry of the Court's determination of the original motion." E.D.N.Y. R. 6.3. The order granting summary judgment to the FBI was docketed on June 27, 2013. The Court granted plaintiff, at his request, an extension of time in which to file his motion until August 10, 2013.

1

Dkt. #83. Plaintiff's motion, dated September 11, 2013, was not docketed until October 1, 2013–well over a month after it was due. Plaintiff's motion is therefore untimely.

"A party's failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion." Grand River Enters. Six Nations, Ltd. v. King, No. 02 Civ. 5068(JFK), 2009 WL 1739893, *1 (S.D.N.Y. June 16, 2009); see also Otto v. Town of Washington, 71 F. App'x 91, 92 (2d Cir. 2003) (affirming denial of motion for reconsideration because untimely); Gibson v. Wise, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004) (denying motion for reconsideration because untimely). "Plaintiff's pro se status does not insulate him from complying with the relevant procedural rules." Gibson, 331 F. Supp. 2d at 169. Plaintiff asks the Court to excuse his out-of-time filing because, several weeks prior to filing his motion, he was placed in a Special Housing Unit and was separated from his legal materials. Dkt. #84 at ECF 7. However, plaintiff fails to explain how this caused a more than month-long delay or why he did not request an extension of time as he had done previously. For this reason, plaintiff has failed to establish "excusable neglect" counseling in favor of an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), and plaintiff's motion should be denied as untimely.

## II.   **Reconsideration**

Even were the Court to consider plaintiff's untimely motion, the motion would nonetheless fail to meet the strict standard applied to requests for reconsideration. "Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce juridical resources." Richards v. N. Shore Long Island Jewish Health Sys., No. CV 10-4544(LDW)(ETB), 2013 WL 950625, at *1 (E.D.N.Y. Mar. 12, 2013) (internal quotation marks omitted). "[R]econsideration will generally be denied unless the moving party

2

can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.2d 255, 257 (2d Cir. 1995). Such a motion "should not be granted where the moving party seeks to relitigate an issue already decided," Shrader, 70 F.2d at 257, or seeks "to advance new issues or theories of relief that were not previously presented to the court," Mahadeo v. N.Y. City Campaign Finance Bd., 514 F. App'x 53, 55 (2d Cir. 2013).

Nothing in plaintiff's motion for reconsideration alters the outcome in this case. Plaintiff first argues that, because the FBI allegedly failed to respond to the plaintiff's FOIA requests, it forfeited its authority to terminate his request pursuant to 5 U.S.C. § 552(a)(6)(C)(i). In making this argument, plaintiff interprets 5 U.S.C. § 552(a)(6)(C)(i) as preventing the FBI from taking any action on his FOIA requests, in the absence of a court order, once it has been sued because of an allegedly inadequate response to those requests.[1] However, contrary to plaintiff's assertion, this language in the FOIA statute simply allows a FOIA requestor who has not received a response within the time limits described under the statute to be deemed to have exhausted his administrative remedies such that he may proceed to bring suit. See N.Y. Times Co. v. U.S. Dep't of Defense, 499 F. Supp. 2d 501, 506 (S.D.N.Y. 2007) (plaintiff brought suit after having been deemed to have exhausted his administrative remedies under FOIA). Furthermore, this provision of FOIA grants courts the discretion to retain jurisdiction over a case while allowing a government agency more time to conduct a records review and comply with its FOIA requirements, and thus avoid a ruling against it requiring it to make those disclosures. See

---

[1] 5 U.S.C. § 552(a)(6)(C)(i) states in relevant part: "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. . . ."

3

Bloomberg, L.P. v. U.S. Food & Drug Admin., 500 F. Supp. 2d 371 (S.D.N.Y. 2007) (considering whether to grant government agency a stay of proceedings under this provision). Thus, nothing in the provision would require the FBI to get a court order before it could close out plaintiff's FOIA request for failure to remit fees. What is more, in its order, the Court considered the FBI's response to plaintiff's requests and found that the FBI had properly followed its own procedures as well as FOIA in assessing fees and closing his file. See June 27 Order, at 29.

Second, plaintiff challenges the Court's ruling because, he argues, he was improperly assessed with search fees which were prohibited by 5 U.S.C. § 552(a)(4)(A)(viii). That section of FOIA states: "An agency shall not assess search fees . . . if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances . . . apply to the processing of the request." 5 U.S.C. § 552(a)(4)(A)(viii). This provision is inapplicable because it is clear from the record that the $1,815.00 assessed in connection with plaintiff's request consisted of duplication fees, not search fees. See Decl. of David Hardy ("Hardy Decl."), Dkt. # 69, ¶ 16; id., Ex. K. What is more, even were the provision to apply, there were "unusual circumstances" present sufficient to exclude a delay here, where plaintiff made multiple FOIL requests to multiple FBI offices yielding sixteen thousand pages and fifteen CDs of potentially responsive material that the FBI would need to comb through. See June 28 Order, at 9-10. Under FOIA, "unusual circumstances" include "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request" and "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request." 5 U.S.C. § 552(a)(6)(B)(iii)(I)-(II).

Plaintiff has introduced no facts or controlling authority that would "reasonably be expected to alter the conclusion reached by the court," Shrader, 70 F.2d at 257, and has therefore not met the stringent standard required for reconsideration.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: November 20, 2013
Brooklyn, New York

## SERVICE LIST

**Corey Davis**
# 42898-053
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734