UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
COREY DAVIS,

                Plaintiff,

    -against-

UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, TRANSPORTATION SECURITY
ADMINISTRATION, UNITED STATES DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF PRISONS, and
FEDERAL BUREAU OF INVESTIGATIONS,

                Defendants.

------------------------------------------------------------------ X

11-CV-203 (ARR) (VMS)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Corey Davis ("plaintiff" or "Davis"), acting pro se, filed this lawsuit under the Freedom of Information Act ("FOIA") seeking documents from defendant federal agencies. Defendants previously moved for summary judgment. By order dated June 27, 2013, the court granted the motion with respect to the Federal Bureau of Investigation ("FBI") and granted it in part and denied it in part, without prejudice, with respect to the Transportation Security Administration ("TSA") and Federal Bureau of Prisons ("BOP").[1] TSA and BOP have now renewed their motion for summary judgment, and plaintiff has failed to oppose their motion despite generous extensions from the court. For the reasons set forth below, TSA's motion is granted, and BOP's motion is granted in part and denied in part.

---

[1] The TSA is a component of the Department of Homeland Security ("DHS"), which is an executive agency, and there are no independent allegations against DHS in this case. Accordingly, the court uses TSA to refer to both DHS and the relevant component thereof. Likewise, BOP is a component of the Department of Justice ("DOJ"), and the court's references to BOP should be construed as addressing both the executive agency and its component.

1

For purposes of this opinion, the court presumes the parties' familiarity with the facts and procedural history as set forth in this court's prior orders and in defendants' Local Rule 56.1 statement of facts, which the court treats as undisputed. See Remaining Defs.' Statement of Undisputed Material Facts in Supp. of Renewed Mot. for Summ. J. ("Defs. Facts"), Dkt. #102, Ex. 1.

## DISCUSSION

### I. Summary Judgment Standard

The court must grant defendants' motion for summary judgment if they have shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the facts are undisputed. As the court warned plaintiff when granting his extension requests, if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion," as the court finds appropriate here, and "grant summary judgment if the motion and supporting materials---including the facts considered undisputed---show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

In the context of FOIA, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994) (citing 5 U.S.C. § 552(a)(4)(B)); accord Rabin v. U.S. Dep't of State, 980 F. Supp. 116, 120 (E.D.N.Y. 1997). "The agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." Garcia v. Dep't of Justice, Office of Info. & Privacy, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002) (internal quotation

marks omitted); accord Jones-Edwards v. Appeal Bd. of Nat'l Sec. Agency Cent. Sec. Agency, 352 F. Supp. 2d 420, 422 (S.D.N.Y. 2005); see also Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986) ("[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request.").

"Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." Carney, 19 F.3d at 812 (footnote omitted). Such affidavits must be "relatively detailed and non-conclusory" and are "accorded a presumption of good faith." Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted); accord Carney, 19 F.3d at 812. "This means, for instance, that an agency affidavit or declaration must describe in reasonable detail the scope of the search and the search terms or methods employed." Serv. Women's Action Network v. Dep't of Def., 888 F. Supp. 2d 231, 241 (D. Conn. 2012). "[T]he affidavits should 'identify the searched files and describe at least generally the structure of the agency's file system' which renders any further search unlikely to disclose additional relevant information." Katzman v. CIA, 903 F. Supp. 434, 438 (E.D.N.Y. 1995) (quoting Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986)).

Once an agency has satisfied its burden of demonstrating the adequacy of its search, a plaintiff may defeat summary judgment by making a showing of defendants' bad faith or by providing evidence that an exemption claimed by the agency should not apply. Carney, 19 F.3d at 812.

## II. The TSA FOIA Requests

Plaintiff requested three types of documents under FOIA from the TSA, two of which remain at issue: (1) records relating to an airline flight from Dallas-Fort Worth to New York-LaGuardia via Cleveland on March 27, 2006 or March 28, 2006 (the "flight records") and (2) TSA documents that require air carriers to store flight records electronically (the "electronic storage records"). Having reviewed TSA's undisputed facts detailing the search conducted in response to these requests, as well as the affidavit on which the fact statement is based, the court concludes that TSA has met its burden of demonstrating adequate searches for both types of documents.

As an initial matter, TSA's motion relies on the declaration of Yvonne L. Coates, the FOIA Officer for TSA. Decl. of Yvonne L. Coates ("Coates Decl."), Dkt. #102, Ex. 3. In its prior order, the court concluded that Coates had sufficient personal knowledge to provide a declaration in support of TSA's summary judgment motion, and the court does not revisit that conclusion in detail with respect to her new affidavit except to note that, in addition to her supervisory role over "all requests" and familiarity with TSA's FOIA search procedure discussed in the court's prior order, Coates declares that she "has personal knowledge of the facts concerning [plaintiff's] request for records." Id. ¶ 5.

A. *The Flight Records*

The Coates Declaration sufficiently demonstrates that TSA's additional search for the flight records conducted following the court's prior order was reasonably designed to locate responsive records. The declaration explains that TSA does not have any system or database that would contain information about all flights operated in the United States in 2006. Id. ¶ 17. It

4

further explains that, in responding to plaintiff's request for flight records, TSA's FOIA branch identified that there are three TSA units that "may maintain limited information about a specific flight from that time period in certain unique situations, such as a security incident involving a flight." Id. ¶ 18. The declaration details the role of each of the three offices, the types of records they keep, the records systems that were searched, and the methods by which the systems were searched---both before and after the court's prior order---including the search terms used. Id. ¶¶ 19-44. The search terms used included the city names and airport codes identified in plaintiff's request as well as plaintiff's name and identifying information, and the search terms were reasonably tailored in light of the specific records sought by plaintiff. The court finds this search adequate, and the fact that no records were in fact located does not change this conclusion. The court grants summary judgment to the TSA regarding its search for the flight records.

B.  *The Electronic Storage Records*

The court also concludes that the TSA search for the electronic storage records outlined in the Coates Declaration was adequate. In response to plaintiff's request, the FOIA branch identified the Office of Security Policy and Industry Engagement ("OSPIE") as the unit "most likely to have documents that required commercial air carriers to electronically store flight records, if such a requirement existed" because it was the office involved in regulatory oversight of commercial airlines and engaging with airports and air carriers. Id. ¶¶ 11-12. OSPIE identified four collections of documents---TSA's Aircraft Operator Standard Security Program ("AOSSP"), Security Directives ("SD"), Model Security Program ("MSP"), and Emergency Amendments ("EA")---containing regulatory requirements applicable to commercial air liners as the sources that would contain any electronic storage requirements for airlines. Id. ¶ 13. OSPIE searched the AOSSPs, SDs, MSPs, and EAs using search terms reasonably targeted to plaintiff's

5

request and reviewed the returned documents which contained those key words, but no responsive materials were found. Id. at ¶¶ 14-15. TSA has sufficiently identified which offices in its agency were likely to have records and why, as well as provided detail on how those records were searched, and accordingly has met its burden for summary judgment. The court therefore also grants TSA's motion as to the electronic storage records.

Because TSA satisfied its burden as to all remaining claims against it, summary judgment is granted to TSA, and therefore DHS, of which TSA is a component. Plaintiff's suit against TSA and DHS is dismissed in its entirety.

## III. The BOP FOIA Requests

Plaintiff made three BOP FOIA requests, the specific details of which are set forth in the Declaration of Donna Johnson, a Paralegal Specialist for the BOP Northeast Regional Office ("NERO"), and exhibits thereto, provided by the BOP. See Decl. of Donna Johnson ("Johnson Decl."), Dkt. #102, Ex. 4, ¶¶ 10, 19, 23-25. Except with respect to certain specific requests for video footage, the court rejected BOP's prior motion for summary judgment without considering the adequacy of BOP's searches, in principal part because the affidavits supporting the motion lacked sufficient assertions of personal knowledge. The court finds that the Johnson Declaration submitted in connection with BOP's renewed motion for summary judgment does sufficiently assert personal knowledge of the BOP's response to plaintiff's requests. However, the court finds that the BOP has met its burden of demonstrating an adequate and reasonable response only as to some of plaintiff's FOIA requests and not as to others. Disappointingly, despite having a special section of its Central Office dedicated to dealing with FOIA issues, see id. ¶ 11, BOP has once again failed to show that it has met FOIA requirements and has wasted judicial

resources by bringing a second motion for summary judgment that is not adequately supported as to each outstanding item from plaintiff's FOIA requests.

A.  *The Johnson Declaration*

Unlike the declaration submitted in connection with BOP's prior motion, the Johnson Declaration does assert personal knowledge and familiarity with the search methods actually used in plaintiff's case and describes Johnson's supervisory role over plaintiff's requests. Johnson states that she has "reviewed and [is] familiar with the litigation and underlying FOIA requests." Id. ¶ 3. Her declaration asserts:

> The statements I make in this declaration are based on my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties . . . [which] include supervising the FOIA searches conducted by staff throughout the Northeast Region. I collect and assemble records, process records for release, and I assist others in the NERO with FOIA-related questions. In a large FOIA case such as this one, I track the collection of documents and send reminders to staff in the field regarding outstanding searches to be conducted. I also interview staff members concerning the existence of records and the systems of records that they maintain and search in the course of their official duties. . . . I am personally familiar with the procedures followed by the BOP in responding to requests made pursuant to the FOIA. . . . In this case specifically, I maintained the administrative and litigation files intact from the 2011 initial FOIA releases through to the releases made from September 2013 through January 2014.

Id. ¶ 4. This declaration "satisfies the personal knowledge requirement of Federal Rule of Civil Procedure 56(e)" by "attest[ing] to [Johnson's] personal knowledge of the procedures used in handling [a FOIA] request and [her] familiarity with the documents in question." Hainey v. U.S. Dep't of Interior, 925 F. Supp. 2d 34, 41 (D.D.C. 2013) (quoting Hall v. Dep't of Justice, 63 F. Supp. 2d 14, 16 n.1 (D.D.C. 1999)). Here, Johnson has indicated her personal knowledge and familiarity with plaintiff's specific requests and how those requests were handled, and the court is satisfied that it is sufficient to support the BOP's motion.

7

B.  *BOP FOIA Request Number 2011-01370 ("First BOP Request")*

With respect to the adequacy of the searches described in the Johnson Declaration, the court must consider each of plaintiff's requests in turn. Taking into account the legal parameters for assessing the adequacy of a search explained above and in the court's prior order, the court finds that BOP has met its burden of demonstrating an adequate and reasonable response to the following specific items contained in the First BOP Request[2]:

(1) Plaintiff requested copies of his BOP Central File and his Special Investigative Services ("SIS") File. BOP provided plaintiff with a copy of his Central File as requested, and it adequately explained why no SIS File exists for plaintiff. Defs. Facts ¶¶ 56-57. The Johnson Declaration explains that BOP does not generally maintain SIS files on inmates unless the inmate is a confidential informant or suspected of criminal conduct and that, according to general BOP policy, any documents regarding Davis's alleged assault on another inmate would have been handed over to the FBI or U.S. Attorney's Office. Johnson Decl. ¶¶ 15-16. Under BOP policy, if the alleged assault had resulted in a disciplinary hearing or a change in plaintiff's security classification, the related documents would be kept in his Central File, which was produced to him. Id. ¶ 16. The court concludes that this was a reasonable and adequate response.

(2) Plaintiff requested recordings of all telephone calls made by him while incarcerated at Metropolitan Detention Center ("MDC") in Brooklyn, the Federal Correctional Institution ("FCI") Beckley, and Federal Detention Center ("FDC") in Philadelphia, Pennsylvania, in 2009. He also requested records of the time, date, and length of those calls and the locations where he made them. BOP provided plaintiff with recordings of the requested telephone calls together

---

[2] The court notes that BOP's prior motion for summary judgment was granted as to two specific items from plaintiff's First BOP Request, and those items are not addressed again here.

with the information about those calls, which was an adequate response. See Defs. Facts ¶¶ 54-55.

(3) Plaintiff requested any and all records documenting the BOP's participation or cooperation in the investigation of plaintiff by law enforcement agencies. The BOP has adequately explained that it would not have documents relating to its cooperation in a law enforcement investigation of an inmate because, as already mentioned above, it would hand such documents over to the FBI or U.S. Attorney's Office. Id. ¶ 56.

The court finds that the BOP has <u>not</u> met its burden as to the following items from the First BOP Request:

(1) Plaintiff requested copies from the "FOI/Privacy Office" of BOP of "all correspondence between your office and myself." With regard to plaintiff's request for "copies of any and all correspondence between your office and myself," BOP does not explain why "Inmate Request to Staff" forms submitted by Davis and available in his Central File would be the only documents responsive to this request, and it has not described any other search conducted for responsive documents. Johnson Decl., Ex. A. For example, BOP has not explained whether it conducted a search for documents sent to Davis by BOP staff in response to forms he submitted, or why no such documents would exist due to BOP policy. To the extent that plaintiff's request referred only to BOP's FOIA office, BOP has not explained what, if any, process it took to search for records other than the seven FOIA responses referenced. See id. ¶ 18.

(2) Plaintiff requested the "full name and title" of a BOP employee with the first initial "G" and the last name "Tapp." BOP provided plaintiff with documents identifying its employee

as likely being "Cynthia Tapp" but did not release information regarding Tapp's job title as plaintiff had requested. Id. ¶ 17. BOP has submitted a copy of a supplemental release letter sent to plaintiff enclosing redacted internal DOJ information for Tapp, id., Ex. E, but has not provided the court with a copy of the redacted document released to plaintiff. BOP also has not explained whether and how it searched for documents containing Tapp's job title, or whether Tapp's job title is among the redacted information in the DOJ document. Although the letter appears to refer to privacy concerns as a ground for the redactions and exemption from FOIA requirements, an agency has the burden of proving the applicability of an exception. Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 68 (2d Cir. 2009). BOP has provided absolutely no explanation whatsoever as to why a staff member's job title would be subject to privacy protections.

(3) Plaintiff requested records with the names and inmate identification numbers of "all inmates housed in Unit 3 North at the Metropolitan Detention Center---Brooklyn at any time between March 1, 2009 and May 31, 2009," including bedding assignments for each inmate. BOP has responded with nothing more than "a search was conducted and no records were found." Johnson Decl. ¶ 13 & Ex. B. Without any description of the search undertaken, this plainly cannot suffice.

C.  *BOP FOIA Request Number 2011-02164 ("Second BOP Request")*

Turning to plaintiff's Second BOP Request, the court finds that BOP has met its burden of demonstrating an adequate and reasonable response to all items in that request. Specifically:

(1) Plaintiff requested a complete list of all 100- and 200- level incident reports for assault issued at MDC and the Metropolitan Correctional Center ("MCC") in New York between 2000 and 2010. BOP identified 97 pages of responsive documents, which were released to

10

plaintiff---sixty-eight unredacted and twenty-nine redacted. Defs. Facts ¶ 63. The redactions were made pursuant to 5 U.S.C. § 552(b)(7)(C) because the information therein had been compiled for law enforcement purposes and its disclosure could pose an unwarranted invasion to the privacy of third parties whose personal information was on the documents and who had not consented to their release. Id. ¶¶ 63-64. BOP has adequately shown that there are grounds for the privacy exception to FOIA to apply, and there is nothing in the record suggesting that its application is inappropriate here.

(2) Plaintiff requested records for all 100- and 200-level incident reports issued at MDC and MCC and referred to the FBI for prosecution between 2000 and 2010. Plaintiff also requested all records documenting the FBI's rejection or acceptance of such referrals for prosecution from MDC and MCC. BOP determined that a response to this request would require 600 hours of search time and informed plaintiff that a $5,382 search fee was required to be paid before the search would be conducted. Id. ¶ 65. BOP invited plaintiff to reformulate his request to meet his needs at a lower cost, but he has neither paid the fee nor reformulated his request. Id.

FOIA authorizes agencies to promulgate regulations specifying the schedule of fees applicable to the processing of FOIA requests and establishing when such fees should be waived or reduced. 5 U.S.C. § 552(a)(4)(A)(i). Such fees must be "limited to reasonable standard charges for document search and duplication," id. § 552(a)(4)(A)(ii)(III), but an agency may require advance payment if the requestor has previously failed to pay in a timely manner or the fee will exceed $250, id. § 552(a)(4)(A)(v); see also 28 C.F.R. § 16.11(i). BOP's response to Davis's request was consistent with the DOJ regulations at 28 C.F.R. § 16.11, and explained in further detail in defendants' memorandum of law, setting forth how FOIA requests will be handled and fees assessed or waived. See Mem. of Law in Supp. of Remaining Defs.' Renewed

11

Motion for Summ. J. ("Defs. Mem."), Dkt. #102, Ex. 2, at 15-16. In accordance with the regulations, BOP assessed the fees required for plaintiff's search, notified him of those fees, and offered him an opportunity to reformulate his request at a lower cost. See 28 C.F.R. § 16.11(e). It was appropriate for BOP to require advance payment and to cease processing plaintiff's request when no payment was received. See id. § 16.11(a) and (i)(2)-(4).

D. *BOP FOIA Request Number 2011-11250 ("Third BOP Request")*

Finally, the court turns to plaintiff's Third BOP Request.

(1) Plaintiff sought all records relating to an incident at MDC on August 8, 2009, in which three pieces of plaintiff's mail "turned up shredded." He requested all records of the investigation he believed had been conducted surrounding this incident. In response, BOP has provided plaintiff with fifty-one pages of responsive documents that included photocopies of half-shredded mail, documents from an internal affairs investigation of the incident with statements and affidavits, a page of mail-log entries, and a DVD. Defs. Facts ¶ 69. Forty-three pages of records were released with redactions, which BOP has sufficiently shown are subject to FOIA exemptions because they relate to internal agency rules and practices, 5 U.S.C. § 552(b)(2), contain personnel files the disclosure of which would constitute an unwarranted invasion of personal privacy, id. § 552(b)(6), and were compiled for law enforcement purposes and would be an unwarranted invasion of privacy, disclose law enforcement investigative techniques or procedures, and could be expected to endanger an individual's life or safety, id. § 552(b)(7)(C), (E), (F).

(2) Plaintiff requested records relating to an incident that occurred on or about December 28, 2009, at FDC in Philadelphia in which plaintiff found a map left in his cell by an inmate with

whom he was housed named El-Sibbai and reported his finding to authorities for investigation. Although a close call because BOP does not describe its "focused searching" in detail, Defs. Facts ¶ 70, the court concludes that BOP has demonstrated that it conducted a reasonable investigation by reviewing El-Sibbai's Central File and having the SIS department at FDC Philadephia search its investigative files before concluding that there was no other BOP component that would have responsive files. Id.

(3) Plaintiff requested records of mail logs from MDC verifying that plaintiff had sent three pieces of mail to the MacDougal Walker Correctional Facility in Connecticut on August 15 and 29, 2010, and January 12, 2011. After an initial search of plaintiff's mail logs, BOP provided him with the requested materials for January 13, 2011. Id. ¶ 72. After another search of plaintiff's mail logs by Donna Johnson, the additional materials requested by plaintiff were located and provided to him. Id. ¶ 73; Johnson Decl. ¶¶ 28-29. Because all requested materials have been provided to plaintiff, it is clear that BOP's response was satisfactory.

Accordingly, summary judgment is granted to BOP (and therefore DOJ) as to plaintiff's Second BOP Request and Third BOP Request in their entirety. Summary judgment is granted as to the First BOP Request except as to three items, specifically plaintiff's requests for (1) copies from the "FOI/Privacy Office" of BOP of "all correspondence between your office and myself," (2) records with the title of BOP employee Cynthia Tapp, and (3) records with the names and inmate identification numbers of all "all inmates house in Three 3 at the Metropolitan Detention Center---Brooklyn at any time between March 1, 2009 and May 31, 2009," including bedding assignments for each inmate.

13

## CONCLUSION

For the foregoing reasons, TSA's and DHS's motion for summary judgment is granted in its entirety, and they are dismissed from this suit. BOP's and DOJ's motion is granted in part and denied in part. The denial of BOP's and DOJ's motion in part is without prejudice, but they should be mindful of the need to sufficiently meet FOIA search requirements, and carefully explain how they have met those requirements, or why exemptions apply, before bringing another motion for summary judgment in this case.

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: August 14, 2014
Brooklyn, New York

**SERVICE LIST**

**Corey Davis**
# 42898-053
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734