UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
COREY DAVIS,                                             :
                                                         :
                                    Plaintiff,           :
                                                         :                  **ORDER**
                    -against-                            :                  11 CV 203 (ARR) (VMS)
                                                         :
UNITED STATES DEPARTMENT OF                              :
HOMELAND SECURITY, et al.,                               :
                                                         :
                                    Defendants.          :
-------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

On January 6, 2011, Plaintiff – proceeding pro se – filed his original complaint pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking various documents from the Defendant federal agencies. See generally Complaint, ECF No. 1. Following Plaintiff's filing of three Supplemental Complaints,[1] see ECF Nos. 26, 34, 39, Defendants moved for summary judgment on two separate occasions. See ECF Nos. 65, 102. As a result of Defendants' first summary judgment motion, the Honorable Alleyne R. Ross dismissed the Federal Bureau of Investigation and Department of Homeland Security as defendants. See June 27, 2013 Opinion and Order (the "First Summary Judgment Order"), ECF No. 79, at p. 6. In deciding Defendants' second summary judgment motion, District Judge Ross dismissed the Transportation Security Administration as a defendant, and the Federal Bureau of Prisons ("BOP"), a component agency of the U.S. Department of Justice ("DOJ"), was directed to provide to Plaintiff the following documents: (1) all correspondence between Plaintiff and the BOP; (2) records containing the job title of BOP employee Cynthia Tapp; and (3) records

---

[1]     Plaintiff styled his August 22, 2011 pleading as an "Amended Complaint," see ECF No. 26, although he subsequently acknowledged that it was more properly characterized as a supplemental complaint pursuant to F.R.C.P. 15(d). See ECF No. 29, at p. 1.

1

containing the names and inmate identification numbers of all inmates housed in cell block 3 at the Metropolitan Detention Center, Brooklyn ("MDC") between March 1, 2009 and May 31, 2009, including bedding assignments for each inmate. See August 14, 2014 Opinion and Order (the "Second Summary Judgment Order"), ECF No. 104, at p. 13.

Plaintiff now moves for an order compelling the DOJ and BOP to provide him with: (1) two disks containing video surveillance footage from the MDC Special Housing Unit and all telephone calls placed by Plaintiff from MDC; and (2) all telephone calls placed by Plaintiff from Federal Correctional Institution, Beckley ("FCI"). See Pl. Mot. to Compel ("Pl. Mot."), ECF No. 110, at p. 3. The DOJ and BOP opposed Plaintiff's motion. See ECF No. 113. A telephone conference with counsel and Plaintiff was subsequently held by the Court.

For the reasons stated herein, Plaintiff's motion to compel is **denied** in its entirety.

I. **The MDC surveillance footage and telephone calls have already been produced**

According to Plaintiff, the BOP sent two disks, which contained the requested video surveillance footage and telephone calls from MDC, to the correctional institution where Plaintiff was incarcerated, but prison officials did not permit him to maintain possession of them following his review. Plaintiff was assured by prison staff that the two disks would be mailed to his attorney, Gerald McMahon,[2] but as of the filing of his motion to compel, the disks had not been received by Mr. McMahon.

During the Court's telephone conference, however, Plaintiff confirmed that, subsequent to his filing of his motion, Mr. McMahon confirmed that he was in possession of the two disks from the BOP. See Transcript of May 8, 2015 Telephone Conf., ECF No. 121, at p. 4:12 – 5:1. Accordingly, Plaintiff's motion to compel production of two disks containing video surveillance

---

[2] Plaintiff does not state in what capacity Mr. McMahon is representing him, although it is worth noting that Mr. McMahon has not entered a notice of appearance in this matter.

2

footage from the MDC Special Housing Unit and all telephone calls placed by Plaintiff while incarcerated at MDC is denied as moot.

**II. District Judge Ross's Second Summary Judgment Order found that the BOP had complied with Plaintiff's FOIA request for all telephone calls placed from FCI**

Plaintiff argues that the BOP must produce all telephone calls made by him while incarcerated at FCI because the BOP was ordered to do so as part of the First Summary Judgment Order. See Pl. Mot., ECF No. 110, at p. 1 – 2. This is incorrect for two reasons.

As an initial matter, District Judge Ross's First Summary Judgment Order did not, in fact, direct the BOP to provide Plaintiff with any telephone calls from FCI. Rather, the Court only directed the BOP to produce to Plaintiff telephone calls from MDC. See First Summary Judgment Order, ECF No. 79, at p. 27 – 28 ("With regard to those videos that were retained, as well as the audio recordings and records of telephone calls placed by plaintiff from the MDC, these records are within the possession of the MDC, and the BOP asserts no basis for withholding them. Accordingly, the BOP is directed to release any of these records to plaintiff that have not yet been released.").

The Second Summary Judgment Order explicitly stated that the BOP had adequately responded to Plaintiff's FOIA requests insofar as they related to his request for the FCI telephone calls. See Second Summary Judgment Order, ECF No. 104, at p. 8 – 9. Pursuant to the "law of the case" doctrine, which "posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case," see Aramony v. United Way of Am., 254 F.3d 403, 410 (2d Cir. 2000) (quotation marks omitted), Plaintiff cannot raise the same issue, via a subsequent motion to compel, that has already been decided by the Court. Accordingly, Plaintiff's motion to compel production of all telephone calls placed by him while incarcerated at FCI is denied.

### III. Outstanding Issues

The Second Summary Judgment Order directed the BOP to provide Plaintiff with: (1) all correspondence between Plaintiff and the BOP; (2) records containing the job title of BOP employee Cynthia Tapp; and (3) records containing the names and inmate identification numbers off all inmates housed in cell block 3 at MDC between March 1, 2009 and May 31, 2009, including bedding assignments for each inmate. See Second Summary Judgment Order, ECF No. 104, at p. 13. These three directives appear to be the only possibly outstanding issues in this matter, as all of Plaintiff's remaining claims have been dismissed or resolved. See generally ECF Nos. 79, 104. The Court requests confirmation that the DOJ and BOP have complied with the Second Summary Judgment Order. Accordingly, by **November 24, 2015**, the DOJ and BOP are directed to file a letter confirming that they have complied with the Second Summary Judgment Order. Plaintiff is permitted to respond by **December 28, 2015** and, if necessary, the DOJ and BOP may submit a reply by **January 5, 2016**.

If the DOJ and BOP have fully complied with the Second Summary Judgment Order, this case will be closed.

Dated: Brooklyn, New York
      November 10, 2015

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge